**RECEIVED**
**CHARLOTTE, N.C.**
MAY - 4 2005
Clerk, U.S. Dist. Court
W. Dist. of N.C.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:03CR70-MU -6

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **PRELIMINARY ORDER** |
| ) | **OF FORFEITURE** |
| v. ) | |
| ) | |
| MARIA JOSE VARGAS ) | |

In the Bill of Indictment in this case, the United States sought forfeiture of property of the defendant pursuant to 21 U.S.C. §853(a) as property that was proceeds of and/or was used to facilitate the drug crimes charged, together with any other substitute property, which would be subject to forfeiture under §853(p).

Defendant pled guilty to Count One in the Bill of Indictment; consented to forfeiture of the specific property described below; and was adjudged guilty of the offense charged in that count.

It is therefore ORDERED:

1. Based upon defendant's plea of guilty, the United States is authorized to seize the following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. §853(n): One 1999 Chevrolet Tahoe, VIN 3GNEC18R1XG221464, seized on or about April 18, 2003, in the vicinity of 9710 Commons East Drive, Apt. N, Charlotte, NC.

2. Pursuant to 21 U.S.C. §853(n)(1), the government shall publish at least once a week for three successive weeks in a newspaper of general circulation, notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice


**DOCUMENT SCANNED**

that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. §853(n).

This the 11th day of May, 2005.

GRAHAM C. MULLEN
UNITED STATES DISTRICT JUDGE